IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| TANYA BENNETT-BEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | Civil No. 1:08-cv-00328 |
| ) | |
| LINDA STIFF ) | |
| Commissioner, Internal Revenue Service, ) | |
| ) | |
| Defendant. ) | |

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Linda Stiff, moves to dismiss plaintiff's complaint on the grounds that (1) the complaint does not comply with the Federal Rules of Civil Procedure requiring a statement of jurisdiction, (2) the Court lacks jurisdiction to entertain plaintiff's complaint for a refund, and (3) the plaintiff has failed to state a claim upon which relief can be granted.

A memorandum of law and a proposed order accompany this motion.

DATE: May 19, 2008.                    Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
DC Bar # 977045
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: 202-514-9961
Email: Duston.Barton@usdoj.gov

OF COUNSEL
JEFFREY A. TAYLOR
United States Attorney

3284135.1

CERTIFICATE OF SERVICE

It is CERTIFIED that the forgoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT and accompanying MEMORANDUM and proposed ORDER were served on May 19, 2008 by filing this document in accordance with the Court's ECF procedures and by mailing a copy of the documents, via first class mail, to:

> Tanya Bennett-Bey
> 130 Joliet St. S.W.
> Washington, D.C. 20032

                              /s/ Duston K. Barton
                              DUSTON K. BARTON

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| TANYA BENNETT-BEY, )<br>)<br>       Plaintiff )<br>)<br>V. )<br>)<br>LINDA STIFF )<br>Commissioner, Internal Revenue Service, )<br>)<br>       Defendant. ) | Civil No. 1:08-cv-00328 |

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Linda Stiff, pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) moves to dismiss plaintiff's complaint on the grounds that (1) the complaint does not comply with the Federal Rules of Civil Procedure requiring a statement of jurisdiction, (2) the Court lacks jurisdiction to entertain plaintiff's complaint for a refund, and (3) the plaintiff has failed to state a claim upon which relief can be granted.

I. PLAINTIFF HAS FAILED TO ESTABLISH GROUNDS FOR JURISDICTION

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59, 63 (D.D.C.2002); *Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F.Supp.2d 15, 19 (D.D.C.1998); *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 195 (D.D.C.2002). In a suit against the United States, a plaintiff must demonstrate that Congress has explicitly waived its immunity from suit. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The terms of the United States' consent to be

sued define the Court's jurisdiction to entertain suit. *Id.* These terms of consent are the finite parameters of the Court's subject-matter jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. 807, 814 (1976); *Dalehite v. United States*, 346 U.S. 15 (1953).

Plaintiff's complaint must be dismissed because she does not even assert, let alone establish any grounds for jurisdiction. Fed R. Civ. P. 8(a)(1) requires that a pleading for a claim for relief contain "a short and plain statement of the grounds for the court's jurisdiction." Fed R. Civ. P. 8(a)(1); *see also, Pesci v. Internal Revenue Service*, 67 F.Supp.2d 1189, 1194 (D. Nev. 1999), *aff'd*, 225 F.3d 663 (2000) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a)"). As plaintiff has failed to demonstrate that the Court has jurisdiction over her claims, those claims must be dismissed. *Cf. Stock West, Inc., v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")

This result is mandated despite plaintiff's *pro se* status. Although pleadings filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court may not permit *pro se* litigants to disregard the Federal Rules of Civil Procedure. *See, e.g., United States v. Funds from Prudential Securities,* 362 F.Supp.2d 75, 82 (D.D.C. 2005). "Nor may a court

entertain 'what[ever] claims a [*pro se* litigant] may or may not want to assert' without an adequate jurisdictional basis." *Briggs v. State Dep't Fed Credit Union*, 2006 WL 144009 at * 2 (D.D.C. 2006) (quoting *Jarrell v. Tisch,* 656 F.Supp. 237, 239 (D.D.C.1987)). Accordingly, dismissal is proper.

II. THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM FOR REFUND.

Apparently, plaintiff is seeking a refund of taxes. (*See* Compl. at 7.) 26 U.S.C. § 7422 establishes the right for, and procedures for bringing, a civil action for a tax refund. Section 7422 requires that, prior to filing suit in district court, a taxpayer must first: (i) wholly pay the assessed tax at issue; and (ii) file a claim for refund with the Internal Revenue Service. *See United States v. Dalm*, 494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, Case No. 00-2455, 2001WL361470 at *1 (D.D.C. Jan. 31, 2001) (same).

Plaintiff has not alleged in her complaint that she has fully paid the assessed taxes which she challenges nor that she filed a claim for refund. Therefore, this Court lacks subject matter jurisdiction over the claim because plaintiff has not demonstrated that sovereign immunity has been waived. *Dalm*, 494 U.S. at 601-02; *See also United States v. Clintwood Elkhorn Mining Company* 128 S.Ct. 1511 (2008)("taxpayers seeking refunds of unlawfully assessed taxes must . . . file a timely administrative claim.) Plaintiff's claim for relief must therefore be dismissed.

III. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff's complaint fails to state a complaint upon which relief can be granted. *See* Fed R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). The complaint need not contain "detailed factual allegations," but it must contain sufficient factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Plaintiff's complaint is woefully inadequate on these grounds. It is a rambling mess of unintelligible contentions. After wading through the complaint and religious tracts attached as exhibits, it appears that Bennet-Bey alleges that the Prophet Noble Drew Ali conveyed to Moorish Americans a "large portion of the earth," including all of Africa and North and South America. (Compl. Ex. 7 ¶ 4.) This conveyance became a trust in 2000 based upon an oral statement by the prophet that said "in the year 2,000, the Moors will come into their own." (Compl. Ex. 5 ¶ 15.) Somehow this conveyance of land and alleged trust exempts Bennet-Bey from paying any taxes because she is "a Moorish American Citizen" and has "[s]overeign [i]mmunity as a [c]itizen of that [n]ation." (Compl. at 3.)

Courts, however, have unhesitatingly dismissed complaints, like plaintiff's, that are "ambiguous, redundant, vague, and in some respects unintelligible," *Wallach v. City*

*of Pagedale, Missouri*, 359 F.2d 57, 58 (8th Cir. 1966); that present "a confused and rambling narrative of charges and conclusions," *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1997); or that are "so confused, ambiguous, vague or otherwise unitelliglble that [their] true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1998).

Plaintiff's complaint does not allege any intelligible grounds that would entitle her to relief and therefore it should be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint should be dismissed with prejudice.

DATE: May 19, 2008.

Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
DC Bar # 977045
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone: 202-514-9961
Email: Duston.Barton@usdoj.gov

OF COUNSEL
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| TANYA BENNETT-BEY, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| V. | )   Civil No. 1:08-cv-00328 |
| | ) |
| LINDA STIFF | ) |
| Commissioner, Internal Revenue Service, | ) |
| | ) |
|       Defendant. | ) |

## **ORDER**

Having considered the United States' motion to dismiss plaintiff's complaint and any opposition thereto, the Court hereby:

ORDERS that the United States' motion to dismiss is granted; and

ORDERS that plaintiff's complaint is dismissed with prejudice.

_____
JUDGE RICHARD W. ROBERTS
U.S. District Court Judge

3284139.1