UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
TANYA BENNETT-BEY,             )
                               )
         Plaintiff,            )
                               )
     v.                        )   Civil Action No. 08-328 (RWR)
                               )
DOUGLAS SHULMAN,               )
                               )
         Defendant.            )
_____)
```

### MEMORANDUM OPINION

Pro se plaintiff Tanya Bennett-Bey has sued the Commissioner of the Internal Revenue Service[1] ("IRS") for a refund of taxes withheld from her paycheck and to enjoin the Commissioner to change her tax status. The defendant has moved to dismiss the complaint. Because this court lacks subject matter jurisdiction over Bennett-Bey's refund claim, and because Bennett-Bey has otherwise failed to state a claim upon which relief can be granted, the defendant's motion to dismiss will be granted.

I.   REFUND

Bennett-Bey appears to be seeking a refund of taxes that have been withheld from her salary. (See Compl. at 7 (requesting that defendant be required to "repay all [u]nlawfully [collected

---

[1] Douglas Shulman is substituted for Linda Stiff under Fed. R. Civ. P. 25(d).

-2-

debts]); Pl.'s Mot. of Opp'n to Dis. Compl. at 1 (arguing that "the I.R.S. had no right to remove funds from my salary").)

On a motion to dismiss for lack of subject-matter jurisdiction, "the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." Larsen v. U.S. Navy, 486 F. Supp. 2d 11, 18 (D.D.C. 2007). "Because subject-matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim." Jin v. Ministry of State Sec., 475 F. Supp. 2d 54, 60 (D.D.C. 2007).  Pro se plaintiffs are not free from the requirement to plead an adequate jurisdictional basis for their claims.  See Briggs v. State Dep't Fed. Credit Union, Civil Action No. 05-1344 (GK), 2006 WL 1444009, at *2 (May 25, 2006).

A district court has subject matter jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority[.]"  28 U.S.C. § 1346 (a)(1). However, a district court's jurisdiction is limited to tax claims for which the plaintiff has first filed a refund claim with the IRS.  26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue

tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the [IRS.]"); see also United States v. Dalm, 494 U.S. 596, 601-02 (1990). Bennett-Bey has not alleged in her complaint that she filed a claim for a refund with the IRS before bringing this suit. Thus, she has failed to establish that this court has subject matter jurisdiction over her claim for a refund.

II. EXEMPTION

Bennett-Bey alleges that she is exempt from paying federal income taxes because she is a beneficiary of the Great Moorish Estate Express Trust, which makes her "a Moorish American Citizen" who has "[s]overeign [i]mmunity as a [c]itizen of that [n]ation." (Compl. ¶ 1.) She also seeks to enjoin the defendant from "unlawfully conducting business on the Trust Estate." (Id. at 7.) While Bennett-Bey has not pleaded a basis for the court's jurisdiction over this claim, it is unnecessary if there is a recognizable basis for jurisdiction within the complaint. See Kornegay v. AT&T, Civil Action No. 05-1 (PLF), 2006 WL 825622, at *2 (D.D.C. Mar. 29, 2006) (noting it possible to find jurisdiction even if the complaint fails to cite a statutory basis "where 'facts alleged in [the complaint] are sufficient to establish . . . jurisdiction and the complaint appeared jurisdictionally correct when filed" (alteration in original) (quoting Andrus v. Charlestone Stone Prods. Co., 436 U.S. 604,

-4-

608 n.6 (1978))).  Bennett-Bey seems to be claiming a religious exemption from paying taxes under the Free Exercise clause (see Pl.'s Mot. to Suppl. Pl.'s Opp'n to Def.'s Mot. to Dis. ¶ 1 (stating that the plaintiff's "rights are being violated according to the Constitution [o]f [t]he United States[,] in particular . . . the [F]irst . . . Amendment")), a claim that arises under the First Amendment and for which a federal district court has jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution[.]").

However, a complaint must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  For a plaintiff to demonstrate that she is entitled to relief under the Free Exercise Clause, she must plead, as an initial matter, that the government has placed "'a substantial[] burden' on [her] exercise of religion 'even if the burden results from a rule of general applicability[.]'"  Holy Land Foundation for Relief and Development v. Ashcroft, 333 F.3d 156, 166 (D.C. Cir. 2003) (quoting 42 U.S.C. § 2000bb-1(a)) (first alteration in original). Because Bennett-Bey does not allege anywhere in her complaint that paying federal income taxes will impose a substantial burden

-5-

on the free exercise of her religion, she has not stated a claim upon which relief can be granted.

## CONCLUSION

Under even a liberal construction of her pro se complaint, Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), Bennett-Bey is not entitled to relief.  Accordingly, the complaint will be dismissed.  An appropriate order accompanies this memorandum opinion.

SIGNED this 20th day of January, 2010.

                                                   /s/
                                    RICHARD W. ROBERTS
                                  United States District Judge